# Illinois Official Reports

## Appellate Court

*People v. Montalvo*, 2016 IL App (2d) 140905

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSHUA A. MONTALVO, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-14-0905 |
| Filed | September 23, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Winnebago County, Nos. 08-CF-4518, 11-CF-2688; the Hon. John R. Truitt, Judge, presiding. |
| Judgment | Affirmed as modified. |
| Counsel on Appeal | Michael J. Pelletier and Thomas A. Lilien, both of State Appellate Defender's Office, of Elgin, for appellant.<br><br>Joseph P. Bruscato, State's Attorney, of Rockford (Lawrence M. Bauer and Sally A. Swiss, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE ZENOFF delivered the judgment of the court, with opinion.<br>Justices Burke and Birkett concurred in the judgment and opinion. |

**OPINION**

¶ 1      Defendant, Joshua A. Montalvo, appeals from the judgment of the circuit court of Winnebago County, contending that the trial court should have awarded him 39 days of sentence credit for his participation as a pretrial detainee in an anger management program. Because defendant was entitled to six days' credit, we modify the mittimus and otherwise affirm the judgment.

¶ 2                          I. BACKGROUND

¶ 3      Defendant was charged with one count of burglary (720 ILCS 5/19-1(a) (West 2008)) and one count of retail theft (720 ILCS 5/16A-3(a) (West 2008)) (No. 08-CF-4518). Defendant pled guilty to burglary and was placed on probation. While on probation he was charged with one count of aggravated robbery (720 ILCS 5/18-5(a) (West 2010)) and one count of robbery (720 ILCS 5/18-1(a) (West 2010)) (No. 11-CF-2688).

¶ 4      On May 13, 2013, defendant pled guilty in No. 11-CF-2688 to aggravated robbery and admitted in No. 08-CF-4518 to violating his probation. The trial court sentenced defendant to concurrent seven-year terms of imprisonment, with credit for time served of 571 days in No. 08-CF-4518 and 444 days in No. 11-CF-2688. The court ruled that any sentence credit for defendant's participation in any programs while a pretrial detainee was to be determined by the Department of Corrections (DOC). Defendant did not appeal.

¶ 5      On February 3, 2014, defendant requested that the trial court correct the mittimus in both cases to reflect sentence credit for an anger management program that he completed while a pretrial detainee. In support of that motion, defendant submitted a letter signed by Linda Limberg, the jail programs supervisor, which stated that defendant had successfully completed an anger management program. According to Limberg's letter, the program required attendance one day per week for two hours and ran from "July 24, 2012 [*sic*] *** through October 29, 2013."

¶ 6      The trial court entered a new judgment, *nunc pro tunc* to May 13, 2013. The new judgment referred to an attached certificate showing that defendant had completed an anger management program that "reflect[ed] 24 hours completed (12 sessions at 2 hours each) to be considered for possible good time credit per [DOC] policy."

¶ 7      In March 2014, defendant filed a *pro se* motion, seeking that credit for time served of 571 days be applied to his sentence in No. 11-CF-2688. The trial court denied the motion.

¶ 8      On August 19, 2014, defendant, through his attorney, filed a motion to amend the mittimus in both cases. The motion sought 571 days' credit in No. 11-CF-2688 and 36 days' credit in both cases for completion of the anger management program.

¶ 9      The trial court denied the motion as to the 571 days of credit. However, the court ordered that supporting documents be sent to the DOC to determine whether credit for completion of the anger management program should be granted. Defendant filed a timely appeal in both cases.

¶ 10      While this appeal was pending, defendant filed an "emergency" motion, in which he requested that this court remand the matter to the trial court with directions that it calculate the credit to which he is entitled for completion of the anger management program and issue

another amended mittimus reflecting such credit. After briefing, we denied the motion.

¶ 11                                   II. ANALYSIS

¶ 12     On appeal, defendant contends that (1) the trial court erred by failing to determine itself whether he was eligible for sentence credit for the anger management program and, if so, how many days' credit he should receive and (2) because the program ran for 78 calendar days, he is entitled to a half-day's credit per day for a total of 39 days' credit.

¶ 13     The State responds that (1) this appeal is moot because defendant has completed his term of imprisonment and (2) although the anger management program qualifies defendant for sentence credit, he is entitled to only 4 days, because he completed the 15-hour minimum attendance requirement by attending a 2-hour session on 8 separate days.

¶ 14     We begin with the issue of whether this appeal is moot. It is not. An appeal becomes moot when an occurrence of events since the filing of the appeal makes it impossible for the reviewing court to provide effective relief. *People v. Jackson*, 199 Ill. 2d 286, 294 (2002). Where a defendant has been released from prison but remains on mandatory supervised release (MSR), a reduction in his prison sentence would affect how long he could be reincarcerated for a violation of his MSR. *Jackson*, 199 Ill. 2d at 294 (citing 730 ILCS 5/3-3-9(a)(3)(i)(B) (West 1996)). Accordingly, a challenge to the length of a prison term is not moot if it is brought before the defendant has completed his MSR. *People v. Elizalde*, 344 Ill. App. 3d 678, 681 (2003), *overruled in part on other grounds*, *People v. Graves*, 235 Ill. 2d 244, 254-55 (2009).

¶ 15     In this case, defendant, although he has completed his term of imprisonment, has not yet completed his MSR. Therefore, should he violate his MSR and be reincarcerated, any sentence credit would reduce the length of his imprisonment.[1] Thus, defendant's appeal is not moot.

¶ 16     The State's reliance on *People v. Whitfield*, 217 Ill. 2d 177 (2005), is misplaced. The supreme court held in *Whitfield* that, although MSR is part of a defendant's sentence, a court has no authority to alter a statutorily mandated term of MSR. *Whitfield*, 217 Ill. 2d at 202. Here, defendant does not seek to have his MSR shortened. Rather, he seeks credit to be applied to any term of imprisonment that may result from a violation of his MSR. Thus, *Whitfield* does not apply.

¶ 17     We turn to the merits of defendant's appeal. When we interpret a statute, the primary goal is to ascertain and give effect to the legislative intent. *People v. Giraud*, 2012 IL 113116, ¶ 6. The surest and most reliable indicator of that intent is the statutory language itself, given its plain and ordinary meaning. *Giraud*, 2012 IL 113116, ¶ 6. In determining the plain meaning of statutory language, we consider the statute in its entirety, keeping in mind the subject it addresses and the apparent intent of the legislature in enacting it. *Giraud*, 2012 IL 113116, ¶ 6. If the statutory language is clear and unambiguous, we must apply it as written, without resort to extrinsic aids of statutory construction. *Giraud*, 2012 IL 113116, ¶ 6. A question of statutory interpretation is subject to *de novo* review. *Giraud*, 2012 IL 113116, ¶ 6.

¶ 18     Because the Illinois Administrative Code has the force and effect of law, the rules of statutory construction apply to interpreting its provisions. *Ress v. Office of the State*

_____

[1]Defendant asserts in his reply brief that he "has actually been returned to custody in the [DOC] as a possible violator of the conditions of MSR." Our conclusion that this appeal is not moot, however, does not depend on whether defendant has actually violated his MSR.

- 3 -

*Comptroller*, 329 Ill. App. 3d 136, 142 (2002). Accordingly, the primary aim is to give effect to the drafters' intent. *Ress*, 329 Ill. App. 3d at 142. The best indicator of that intent is the language of the provision, which is given its plain and ordinary meaning. *Ress*, 329 Ill. App. 3d at 142. An interpretation of the Administrative Code is reviewed *de novo. People ex rel. Madigan v. Petco Petroleum Corp.*, 363 Ill. App. 3d 613, 628 (2006).

¶ 19    We begin our analysis with section 3-6-3(a)(4) of the Unified Code of Corrections (Code of Corrections) (730 ILCS 5/3-6-3(a)(4) (West 2012)), which provides, in pertinent part, that a pretrial detainee may earn sentence credit for program "participation" if, among other options, he completes a "full-time *** behavior modification program *** provided by the county department of corrections or county jail." Calculation of the program credit "shall be done at sentencing" and shall be included in the sentencing order. 730 ILCS 5/3-6-3(a)(4) (West 2012); see also 20 Ill. Adm. Code 107.17 (2013). The trial court shall give a defendant credit for successfully completing such programming before the imposition of sentence at the rate specified in section 3-6-3. See 730 ILCS 5/5-4.5-100(c-5) (West 2012). Such credit is to be one-half day for each day of eligibility. See 730 ILCS 5/3-6-3(a)(4) (West 2012).

¶ 20    We first address the question of whether the trial court erred in failing to determine whether defendant was eligible for sentence credit and, if so, how much. Both parties contend that the trial court erred in not doing so. We agree. The calculation of such credit was to be done at sentencing and included in the sentencing order. See 730 ILCS 5/3-6-3(a)(4) (West 2012). Further, the trial court was required to give defendant credit for his successful completion of the anger management program at the rate specified in section 3-6-3. See 730 ILCS 5/5-4.5-100(c-5) (West 2012). We read those two provisions together as placing the obligation on the trial court to determine whether defendant was eligible for sentence credit and, if so, how much. We need not remand for the trial court to make those determinations, however, as we are authorized to do so and amend the judgment accordingly. See Ill. S. Ct. R. 366(a) (eff. Feb. 1, 1994).

¶ 21    We next address the question of whether the anger management program constituted a full-time program within the meaning of section 3-6-3(a)(4) of the Code of Corrections. Although the Code of Corrections does not define a "full-time" program, section 107.520(d)(4) of the Administrative Code states that "[f]ull-time assignment to a program for which an offender may be eligible to receive program sentence credit shall mean: *** enroll[ment] in a behavior modification program for which a minimum of 15 hours of participation is required for completion." 20 Ill. Adm. Code 107.520(d)(4) (2013).

¶ 22    There is no dispute that completion of the anger management program in this case required defendant to participate by attending 12 two-hour sessions. The 24 hours of required participation exceeded the required minimum of 15 hours. Thus the program, which defendant successfully completed, was full-time for purposes of section 3-6-3(a)(4).

¶ 23    That leaves the question of the amount of sentence credit for which defendant was eligible. In answering that question, we look to the relevant provisions of the Code of Corrections and the Administrative Code. Section 3-6-3(a)(4) of the Code of Corrections provides, in pertinent part, that a defendant is eligible for sentence credit for his "participation" in a program. 730 ILCS 5/3-6-3(a)(4) (West 2012). Further, section 107.520(d)(4) of the Administrative Code requires at least 15 hours of "participation" for an offender to receive sentence credit. 20 Ill. Adm. Code 107.520(d)(4) (2013). Clearly, the drafters intended that a pretrial detainee receive credit only for his participation in a qualified program.

- 4 -

¶ 24    We must next decide what the drafters meant by participation. As noted, we are to give statutory language its plain and ordinary meaning. See *Giraud*, 2012 IL 113116, ¶ 6. The plain and ordinary meaning of "participate" is to actively partake. See Webster's Third New International Dictionary 1646 (1993). In other words, to get sentence credit, an offender must actively partake in the particular program on each day for which he seeks credit. This interpretation is consistent with the legislative intent to give sentence credit to encourage offenders to participate in rehabilitative programs such as the one at issue here. See *Guzzo v. Snyder*, 326 Ill. App. 3d 1058, 1063 (2001) (award of good-conduct credit is to acknowledge and encourage meritorious inmate service).

¶ 25    Here, defendant actively partook in the program by attending sessions on 12 days. Therefore, he participated on 12 days. Thus, he is entitled to a half-day's credit for each of those days.

¶ 26    Although defendant contends that he is entitled to 39 days' credit, because the program spanned 78 calendar days, we disagree. As noted, it was defendant's participation on a particular day that determined whether he was eligible for credit for that day. There is nothing in the record to show that defendant was required to participate in any way other than by attending. Giving defendant credit for those days on which he did not attend would be inconsistent with the meaning of participation and the intent of section 3-6-3(a)(4). Thus, only those days on which defendant actually attended could be counted toward his credit.

¶ 27    The State, although agreeing that defendant should receive credit for only those days on which he attended, contends that his credit should be capped at eight days, as that is what it took for him to satisfy the minimum 15 hours of required participation. That approach, however, ignores the plain language of section 3-6-3(a)(4), which permits an offender to receive credit for each day he participates. It is also inconsistent with the legislative intent to encourage participation in such programs by rewarding an offender with credit for his participation. Because the particular program at issue in this case required defendant to participate by attending on 12 days, defendant is entitled to receive credit for each of those days.

¶ 28                                    III. CONCLUSION

¶ 29    For the reasons stated, we affirm the judgment of the circuit court of Winnebago County. However, pursuant to Illinois Supreme Court Rule 366(a) (eff. Feb. 1, 1994), we modify the mittimus in both cases to reflect six additional days of sentence credit.

¶ 30    Affirmed as modified.