NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220907-U

NOS. 4-22-0907, 4-22-0908 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 19, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Woodford County |
| TODD A. KELLY JR., | ) | Nos. 20CF179 |
|     Defendant-Appellant. | ) |     20CF186 |
| | ) | |
| | ) | Honorable |
| | ) | Michael L. Stroh, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Justices Cavanagh and Zenoff concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court's denial of defendant's request for additional sentencing credit
was proper.

¶ 2    In March 2022, defendant, Todd A. Kelly Jr., requested additional sentencing

credit under section 3-6-3(a)(4) of the Unified Code of Corrections (Unified Code) (730 ILCS

5/3-6-3(a)(4) (West Supp. 2021)) in the two criminal cases underlying this consolidated appeal.

At a joint plea hearing, the Woodford County circuit court heard arguments on defendant's

request, denied it, and sentenced him in accordance with the terms of the parties' negotiated plea

agreement.  Thereafter, defendant filed a motion to reconsider the denial of the additional

sentencing credits.  After an October 2022 hearing, the court denied the motion to reconsider.

¶ 3    Defendant appeals, asserting the circuit court erred by denying him the additional

sentencing credit.  We affirm.

¶ 4                              I. BACKGROUND

¶ 5        On March 1, 2022, prior to his plea hearing, defendant filed a motion for additional sentencing credit in Woodford County case Nos. 20-CF-179 and 20-CF-186. He filed an amended motion that same day. In the amended motion, defendant sought additional sentencing credit under section 3-6-3(a)(4) of the Unified Code (730 ILCS 5/3-6-3(a)(4) (West Supp. 2021)). The motion asserted defendant had been in custody in the Woodford County jail from December 20, 2020, to March 1, 2022, and had actively participated in qualifying programs every day for the 426 days he had been in custody. Defendant had completed 1095 lessons, received 212 certificates, and participated in 698.15 hours of qualifying programs. He attached a transcript showing his completed programs to the amended motion. For each program, the transcript listed the program's name, the subjects covered by the program, the date defendant completed the program, and the hours he spent in completing the program. The transcript did not provide the date on which he started a program.

¶ 6        On March 8, 2022, the circuit court held a joint plea hearing. Pursuant to a negotiated plea agreement, defendant pleaded guilty to one count of possession of a stolen motor vehicle (625 ILCS 5/4-103(a)(1) (West 2020)) in case No. 20-CF-179 and one count of possession of a stolen motor vehicle (625 ILCS 5/4-103(a)(1) (West 2020)), one count of unlawful possession of methamphetamine (720 ILCS 646/60(a), (b)(1) (West 2020)), one count of aggravated fleeing or attempting to elude a peace officer (625 ILCS 5/11-204.1(a)(1) (West 2020)), one count of burglary (720 ILCS 5/19-1(a) (West 2020)), and one count of theft (720 ILCS 5/16-1(a)(1)(A) (West 2020)) in case No. 20-CF-186. Under the plea agreement, in case No. 20-CF-179, defendant was to receive a sentence of six years' imprisonment to run consecutively to the sentences in case No. 20-CF-186. In that case, defendant was to receive

concurrent prison terms of 10 years for possession of a stolen motor vehicle, 9 years for unlawful possession of methamphetamine, 9 years for aggravated fleeing or attempting to elude a peace officer, 10 years for burglary, and 10 years for theft. The plea agreement did not address sentencing credit. After admonishments and hearing the factual basis for each charge, the court accepted defendant's guilty plea. The court then addressed sentencing and heard arguments on defendant's request for additional sentencing credit. The court denied defendant's request, finding he did not present any evidence regarding what the program entailed and whether it was a "full-time, 60 day or longer program." The court also noted the award of additional sentencing credits was discretionary. The court sentenced defendant in accordance with the parties' plea agreement.

¶ 7        Both defense counsel and defendant *pro se* filed a motion to reconsider the denial of defendant's motion for additional sentencing credit. To his motion, defense counsel attached an affidavit by defendant. In the affidavit, defendant indicated he had completed multiple programs through computer software on a tablet, totaling 426 days. Defense counsel also filed a certificate pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 8        On October 11, 2022, the circuit court held a hearing on defendant's motion to reconsider. After hearing the parties' arguments, the court denied the motion to reconsider. The court found the programs on the tablet did not meet the requirements of section 3-6-3(a)(4).

¶ 9        On October 12, 2022, defendant filed a timely notice of appeal in sufficient compliance with Illinois Supreme Court Rule 606 (eff. Mar. 12, 2021). Thus, this court has jurisdiction of petitioner's appeal under Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 10                            II. ANALYSIS

¶ 11        Defendant contends the circuit court erred by denying his request for additional

sentencing credit under section 3-6-3(a)(4) of the Unified Code (730 ILCS 5/3-6-3(a)(4) (West Supp. 2021)) because the court erroneously found such credit was discretionary and could only be awarded for programs that were 60 days or longer. The State asserts the court's finding regarding the 60 days or longer was proper. This appeal presents a question of statutory interpretation, which we review *de novo*. *People v. Montalvo*, 2016 IL App (2d) 140905, ¶ 17, 64 N.E.3d 84.

¶ 12 When interpreting a statute, the court's primary goal is to ascertain and give effect to the legislative intent. *Montalvo*, 2016 IL App (2d) 140905, ¶ 17. The most reliable indicator of legislative intent is the statutory language itself, given its plain and ordinary meaning. *Montalvo*, 2016 IL App (2d) 140905, ¶ 17. Moreover, courts "consider the statute in its entirety, keeping in mind the subject it addresses and the apparent intent of the legislature in enacting it." *Montalvo*, 2016 IL App (2d) 140905, ¶ 17. "If the statutory language is clear and unambiguous, we must apply it as written, without resort to extrinsic aids of statutory construction." *Montalvo*, 2016 IL App (2d) 140905, ¶ 17.

¶ 13 Section 3-6-3(a)(4) of the Unified Code provides the following:

"Except as provided in paragraph (4.7) of this subsection (a), the rules and regulations shall also provide that any prisoner who is engaged full-time in substance abuse programs, correctional industry assignments, educational programs, work-release programs or activities in accordance with Article 13 of Chapter III of this Code, behavior modification programs, life skills courses, or re-entry planning provided by the Department [of Corrections (DOC)] under this paragraph (4) and satisfactorily completes the assigned program as determined by the standards of [DOC], shall receive one day of sentence credit for each day in

which that prisoner is engaged in the activities described in this paragraph. The rules and regulations shall also provide that sentence credit may be provided to an inmate who was held in pre-trial detention prior to his or her current commitment to [DOC] and successfully completed a full-time, 60-day or longer substance abuse program, educational program, behavior modification program, life skills course, or re-entry planning provided by the county department of corrections or county jail. Calculation of this county program credit shall be done at sentencing as provided in Section 5-4.5-100 of this Code [(730 ILCS 5/5-4.5-100 (West 2020))] and shall be included in the sentencing order. The rules and regulations shall also provide that sentence credit may be provided to an inmate who is in compliance with programming requirements in an adult transition center." 730 ILCS 5/3-6-3(a)(4) (West Supp. 2021).

The first sentence of the aforementioned statutory provision applies to inmates who are in the custody of DOC. On the other hand, the second and third sentences apply to inmates in pretrial detention in the custody of a county jail. In this case, defendant seeks additional sentencing credit for his time in pretrial detention. With credit for pretrial detention, the provision states "full-time, 60-day or longer" in describing the program for which credit is sought, not just "full-time" like for inmates in DOC. In construing a statute, "[e]ach word, clause, and sentence of a statute must be given a reasonable meaning, if possible, and should not be rendered superfluous." *People v. Gutman*, 2011 IL 110338, ¶ 12, 959 N.E.2d 621. Here, defendant's reading of the provision by focusing on the "full-time" language and ignoring the "60-day or longer" language renders the "60-day or longer" language superfluous. Accordingly, we disagree with defendant's interpretation of the provision. For a defendant seeking additional sentencing credit under

section 3-6-3(a)(4) earned while in pretrial detention, the qualifying program must be both full-time *and* 60 days or longer. As such, defendant's citation to the definition of "full-time" in the Illinois Administrative Code is irrelevant to the additional requirement the program must be 60 days or longer.

¶ 14 The transcript attached to the amended motion to award additional sentencing credit sets forth, for each program, the name of the program, the subjects covered by the program, the date he completed the program, and the hours he spent in completing the program. The document does not state how many days each program lasted or give a program's start date. As such, defendant's programs are distinguishable from the program at issue in *Montalvo*, 2016 IL App (2d) 140905, ¶ 26, where the supporting materials showed the program spanned 78 days. Since we find defendant failed to establish the programs for which he seeks additional sentencing credit were 60 days or longer, defendant is not entitled to the additional sentencing credit under section 3-6-3(a)(4), and we do not address defendant's other arguments.

¶ 15 Accordingly, the circuit court's denial of defendant's request for additional sentencing credit was proper.

¶ 16 III. CONCLUSION

¶ 17 For the reasons stated, we affirm the Woodford County circuit court's judgment.

¶ 18 Affirmed.