NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 230446-U

NOS. 4-23-0446, 4-23-0447 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 6, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| ADAM BLAZER, | ) | Nos. 19CF350 |
| Defendant-Appellant. | ) | 22CF26 |
| | ) | |
| | ) | Honorable |
| | ) | Debra D. Schafer, |
| | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court.
Presiding Justice Cavanagh and Justice DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court affirmed the trial court's judgment denying defendant's motion for additional sentencing credit.

¶ 2    In March and April 2023, defendant, Adam Blazer, filed motions requesting additional sentencing credit under section 3-6-3(a)(4)(A) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/3-6-3(a)(4)(A) (West 2022)) for participating in correctional industry assignments. Defendant sought sentencing credit in two separate cases. The trial court denied defendant's motions. In this consolidated appeal, defendant claims the court erred in denying him additional sentencing credit. We affirm.

¶ 3                          I. BACKGROUND

¶ 4    In July 2019, defendant was charged by indictment in Winnebago County case No. 19-CF-350 with two counts of aggravated battery (720 ILCS 5/12-3.05(f)(1) (West 2018)) and one

count of domestic battery (720 ILCS 5/12-3.2(a)(2) (West 2018)). In August 2019, defendant pleaded guilty to one count of aggravated battery and was sentenced to 30 months of probation. The remaining counts were dismissed. In January 2021, the State filed a petition to revoke defendant's probation.

¶ 5    In January 2022, defendant was charged in a separate criminal case, Winnebago County case No. 22-CF-26, with one count each of aggravated battery (720 ILCS 5/12-3.3(a-5) (West 2020)), domestic battery (720 ILCS 5/12-3.2(a)(1) (West 2020)), and criminal damage to property (720 ILCS 5/21-1(a)(1) (West 2020)). In September 2022, defendant pleaded guilty to domestic battery and the remaining counts were dismissed. He also admitted to violating his probation in case No. 19-CF-350.

¶ 6    In November 2022, the trial court sentenced defendant to four years' imprisonment for domestic battery in case No. 22-CF-26 and a concurrent term of four years for aggravated battery in case No. 19-CF-350. Defendant filed a motion for reconsideration of his sentences in both cases, asserting they were excessive. At the hearing on the motions, defendant also requested credit for his work as a tender in the county jail. On December 15, 2022, the court denied defendant's motion to reduce his sentences and his request for additional credit.

¶ 7    On March 3, 2023, defendant *pro se* filed a form "Motion to Receive Sentence Credit for Program Participation" in case Nos. 22-CF-26 and 19-CF-350. The motion alleged defendant was entitled to credit under section 3-6-3(a)(4)(A) of the Unified Code (730 ILCS 5/3-6-3(a)(4)(A) (West 2022)) for participating in and completing correctional industry assignments. On April 17, 2023, defendant filed another *pro se* motion for sentencing credit in both cases using the same form as his previous motion. He again sought credit under section 3-6-3(a)(4)(A) of the Unified Code for completion of correctional industry assignments. Defendant

- 2 -

also filed corresponding "Motions for Order *Nunc Pro Tunc*," asking for a correction of the sentencing orders to reflect his credit for time served.

¶ 8 On May 11, 2023, the trial court entered a written order denying defendant's motions for sentencing credit, stating "inmates are not entitled to credit for 'correctional industry assignments' while held in pretrial custody." (Emphasis omitted.) The court also denied the motions for a *nunc pro tunc* order.

¶ 9 On June 7, 2023, defendant filed amended notices of appeal from the denial of his motions. On August 15, 2023, we granted defendant's motion to consolidate the two appeals.

¶ 10 This appeal followed.

¶ 11 II. ANALYSIS

¶ 12 A. Jurisdiction

¶ 13 Initially, we must address our jurisdiction to consider this appeal. Although defendant filed his *pro se* motions for sentencing credit after the time for filing posttrial motions had expired, Illinois Supreme Court Rule 472(a) (eff. May 17, 2019) allows trial courts to retain jurisdiction in criminal cases to correct specific sentencing errors, including "[e]rrors in the calculation of presentence custody credit," at any time following judgment. Defendant recognizes his *pro se* motions seeking sentencing credit did not cite Rule 472, but he asks this court to treat them as motions filed under the rule because he stated a claim for presentence custody credit. The State does not object to defendant's request to treat his motions as Rule 472 motions. We agree defendant's motions should be reviewed under Rule 472 because he asserted an error in the calculation of presentence custody credit, a claim expressly authorized under Rule 472(a)(3). Thus, the trial court retained jurisdiction to consider the claim raised in defendant's motions under Rule 472.

¶ 14          A trial court's ruling on a Rule 472 motion to correct a sentencing error "constitutes a final judgment on a justiciable matter and is subject to appeal in accordance with [Illinois] Supreme Court Rule 303." Ill. S. Ct. R. 472(b) (eff. May 17, 2019). Under Rule 303, a notice of appeal must be filed within 30 days after entry of the final judgment. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). Defendant filed his notices of appeal within 30 days after the trial court denied his motions for sentencing credit. Accordingly, this court has jurisdiction to consider defendant's appeal from the denial of his motions for sentencing credit.

¶ 15                              B. Sentencing Credit

¶ 16          Defendant argues the trial court erred in denying his motions for additional sentencing credit under section 3-6-3(a)(4)(A) of the Unified Code (730 ILCS 5/3-6-3(a)(4)(A) (West 2022)). Further, defendant claims the statute allows inmates held in pretrial custody to receive credit for completing correctional industry assignments.

¶ 17          This appeal presents an issue of statutory construction. The fundamental objective of statutory construction is to ascertain and give effect to the intent of the legislature. *People v. Pearse*, 2017 IL 121072, ¶ 41, 89 N.E.3d 322. The best evidence of legislative intent is the language of the statute, given its plain and ordinary meaning. *People v. Clark*, 2018 IL 122495, ¶ 8, 129 N.E.3d 1124. If the statutory language is clear and unambiguous, courts must apply it as written, without resorting to extrinsic aids of statutory construction. *Id*. We review issues of statutory construction *de novo*. *People v. Grant*, 2016 IL 119162, ¶ 20, 52 N.E.3d 308.

¶ 18          Section 3-6-3(a)(4)(A) of the Unified Code provides, in relevant part, the following:

       "Except as provided in paragraph (4.7) of this subsection (a), the rules and
       regulations shall also provide that any prisoner who is engaged full-time in
       substance abuse programs, correctional industry assignments, educational

- 4 -

programs, work-release programs or activities in accordance with Article 13 of Chapter III of this Code, behavior modification programs, life skills courses, or re-entry planning provided by the Department [of Corrections (DOC)] under this paragraph (4) and satisfactorily completes the assigned program as determined by the standards of [DOC], shall receive one day of sentence credit for each day in which that prisoner is engaged in the activities described in this paragraph. The rules and regulations shall also provide that sentence credit may be provided to an inmate who was held in pre-trial detention prior to his or her current commitment to [DOC] and successfully completed a full-time, 60-day or longer substance abuse program, educational program, behavior modification program, life skills course, or re-entry planning provided by the county department of corrections or county jail. Calculation of this county program credit shall be done at sentencing as provided in Section 5-4.5-100 of this Code and shall be included in the sentencing order." 730 ILCS 5/3-6-3(a)(4)(A) (West 2022).

¶ 19    Defendant argues he is eligible for additional sentencing credit under a plain reading of section 3-6-3(a)(4)(A) because he was a "prisoner" when he completed the correctional industry assignments in the county jail. Although the second part of the statute focuses specifically on pretrial detainees, defendant maintains the first sentence, providing credit to "any prisoner" for correctional industry assignments, is a general provision, which includes inmates in pretrial detention. According to defendant, the legislature did not distinguish between "prisoners" and "inmates" because those terms are used interchangeably in the statute. Defendant contends the legislature intended to provide credit for work assignments to those in custody. In support of his argument, defendant cites section 3-6-3(a)(4.2), which provides "up to 0.5 days" of credit for each

- 5 -

day "any prisoner [has] engaged in self-improvement programs, volunteer work, or work assignments that are not otherwise eligible activities under paragraph (4)." 730 ILCS 5/3-6-3(a)(4.2) (West 2022).

¶ 20　　　　The only issue raised in defendant's motions is whether he is entitled to credit under section 3-6-3(a)(4)(A). Under Rule 472, our review is limited to that issue. See Ill. S. Ct. R. 472(c) (eff. May 17, 2019) ("When a post-judgment motion has been filed by a party pursuant to this rule, any claim of error not raised in that motion shall be deemed forfeited.").

¶ 21　　　　This court recently construed section 3-6-3(a)(4)(A) in *People v. Kelly*, 2023 IL App (4th) 220907-U. In pertinent part, this court held "[t]he first sentence of [section 3-6-3(a)(4)(A)] applies to inmates who are in the custody of DOC. On the other hand, the second and third sentences apply to inmates in pretrial detention in the custody of a county jail." *Id.* ¶ 13. Because the defendant sought additional credit for his time in pretrial detention, this court applied the part of the statute applicable to inmates held in pretrial custody. *Id.* The trial court's judgment denying the defendant's request for additional sentencing credit was affirmed because the defendant failed to establish the requirements for receiving credit under the statutory language applicable to inmates held in pretrial detention. *Id.* ¶¶ 14-15.

¶ 22　　　　We find the analysis in *Kelly* persuasive. Section 3-6-3(a)(4)(A) unambiguously distinguishes between prisoners in the custody of DOC and inmates held in pretrial detention and provides different requirements for sentencing credit for those two categories. It is undisputed defendant was an inmate held in pretrial detention when he worked as a tender in the county jail. The plain language of section 3-6-3(a)(4)(A) provides credit to inmates held in pretrial detention only for successful completion of "a full-time, 60-day or longer substance abuse program, educational program, behavior modification program, life skills course, or re-entry planning

provided by the county department of corrections or county jail." 730 ILCS 5/3-6-3(a)(4)(A) (West 2022). The "county program credit" is calculated at sentencing and included in the sentencing order. *Id*. The applicable portion of the statute does not provide additional sentencing credit for completing correctional industry assignments in the county jail.

¶ 23    Additionally, even if he qualified as a "prisoner" within the meaning of the first sentence of section 3-6-3(a)(4)(A), the program defendant seeks credit for would not qualify under the plain language of the statute. Under the statute, a prisoner will receive credit for engaging in correctional industry assignments "provided by [DOC]," if the prisoner satisfactorily completes the program "as determined by the standards of [DOC]." 730 ILCS 5/3-6-3(a)(4)(A) (West 2022). Defendant was an inmate in the custody of the county jail when he worked as a tender. He was not sentenced to a term in DOC at that time.

¶ 24    In sum, we conclude defendant does not qualify for additional sentencing credit for correctional industry assignments under the plain language of section 3-6-3(a)(4)(A). The trial court did not err in denying defendant's motions requesting additional credit as a result.

¶ 25                                III. CONCLUSION

¶ 26    For the reasons stated, we affirm the trial court's judgment.

¶ 27    Affirmed.