NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 241136-U

NOS. 4-24-1136, 4-24-1137 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 24, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| DONNIE RAY WOODS JR., | ) | Nos. 21CF1376 |
| Defendant-Appellant. | ) | 23CF1547 |
| | ) | |
| | ) | Honorable |
| | ) | Scott Paccagnini, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Justices Steigmann and DeArmond concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The appellate court affirmed, finding the trial court did not err when it denied defendant's motion for additional sentencing credit.

¶ 2     In January 2024, defendant, Donnie Ray Woods Jr., was sentenced to four years' imprisonment for aggravated battery (720 ILCS 5/12-3.05(a)(5) (West 2020)) and four years' imprisonment for stalking (720 ILCS 5/12-7.3(a)(1) (West 2022)), to be served concurrently pursuant to a negotiated plea of guilty. On appeal, defendant argues the trial court erred when it failed to provide him with additional sentencing credit for various educational coursework completed during his pretrial detention. We affirm.

¶ 3                                I. BACKGROUND

¶ 4     In October 2021, in Winnebago County case No. 21-CF-1376, defendant was charged with multiple felony counts of domestic battery. In November 2021, defendant entered

into a fully negotiated plea to a single, amended charge of aggravated battery. Pursuant to the plea agreement, defendant was sentenced to 30 months of probation.

¶ 5　　　　In July 2023, the State filed a petition to vacate probation, alleging defendant had violated the conditions of his probation by failing to submit to a drug test and having contact with Daesha Wade. The State also listed six subsequent offenses for which defendant had been charged. Of those charges, two included stalking and violation of bail bond in Winnebago County case No. 23-CF-1547.

¶ 6　　　　In November 2023, defendant admitted to violating his probation by failing to submit to required drug testing. He also pleaded guilty to stalking in case No. 23-CF-1547. A continuance order from defendant's plea hearing stated, "Open but parties *will* have negotiated sentence after [defendant] completes [Computer Numerical Control milling (CNC)] class." (Emphasis in original.)

¶ 7　　　　The parties reconvened for a sentencing hearing in January 2024. Prior to discussing the agreed upon sentence, counsel for defendant provided the trial court with transcripts for CNC and Edovo learning platform coursework, totaling 1,532 hours, which defendant had completed while in custody. The court went on to state:

> "Okay. Well, you know—[the assistant state's attorney]
> may not know 'cause he's new to this courtroom—there are
> courses that people take online on occasion that do not qualify,
> which is why we get the Edovo summary and the certificates; and
> [the Illinois Department of Corrections (DOC)] then will have to
> use—there is an analysis, a calculation they do that determines
> how many hours equate to a day. So it's not eight hours to a day.

It's actually shorter than that, I believe.

Some of these may not qualify. So, for example, just look at this first page. Introduction to Western Political thought. I'm not sure that that is the type of course that would be considered appropriate under the statute. But that's really a [DOC] prerogative on that.

What I do is I'll include the entire package. On the second page I will make a notation that the defendant has completed 345 courses, totaling 1,532 hours, although it does say 1,522 course hours but only ten supplemental learning hours. But I'll attach it and indicate that [DOC] shall calculate and determine eligibility for additional good-conduct credit.

But if he successfully completed these courses and they qualify, you and I both know that it serves as an additional half a day off for every day that he's been in custody working on these— if they qualify. Some may qualify; some may not. I'm not in a position to make that calling, given the nature of some of these. But we will see."

¶ 8 Counsel for defendant informed the trial court the agreed upon sentence was four years' imprisonment in case No. 21-CF-1376 and four years' imprisonment in case No. 23-CF-1547, to be served concurrently. The agreed-upon sentence also included credit for time served of 408 days in case No. 21-CF-1376 and 204 days in case No. 23-CF-1547.

¶ 9 Following the sentencing hearing, defendant was remanded to the custody of the

Illinois Department of Corrections (DOC). In February 2024, DOC sent a letter to the trial court, stating:

> "[Defendant] was sentenced on January 19, 2024, four years [DOC] for Stalking *** and four years for Aggravated Battery *** the mittimus further orders 'any additional credit time served for educational credits related to self-improvement courses to be calculated and awarded as applicable by [DOC] pursuant to statute.'
>
> In order for [DOC] to award pre-trial sentence credit we need the number of days the court orders to be applied.
>
> Clarification is requested as to the number of pre-trial sentence credit the court is ordering be awarded. I am respectfully requesting a review of the order, and if appropriate, issuance of an amended, issued *nunc pro tunc*, or a supplemental order."

¶ 10　　　　In April 2024, defendant submitted a motion for an order *nunc pro tunc*, seeking 343.5 days of earned program credit.

¶ 11　　　　A hearing on defendant's motion was held in July 2024. The State contended defendant's coursework did not satisfy the applicable statute because it was not completed as a full-time, 60-day or longer program. Defendant contended the trial court never denied the sentencing credit when he was originally sentenced, but it had falsely presumed DOC would calculate the sentencing credit.

¶ 12　　　　In August 2024, the trial court issued a written order denying defendant's motion. The court, noting the applicability of  section 3-6-3(a)(4) of the Unified Code of Corrections

(Unified Code) (730 ILCS 5/3-6-3(a)(4) (West 2022)), cited *People v. Kelly*, 2023 IL App (4th) 220907-U, ¶ 13, wherein this court explained a defendant seeking additional sentencing credit earned during pretrial detention must participate in a program that is "full-time *and* 60 days or longer." (Emphasis in original.) When reviewing defendant's participation in the CNC TechWorks Program, the court noted defendant had participated in several courses aimed at developing his skills in manufacturing and job readiness. Finding defendant had in total completed "228 hours" of coursework over "35 days," the court concluded defendant's CNC coursework satisfied the full-time requirement but fell short of the statutory 60-day requirement.

¶ 13    When reviewing defendant's Edovo educational programs, the trial court noted defendant completed "345 courses with 1[,]532 learning hours." While the court commended defendant's accomplishments, it noted "there is nothing to suggest [the] courses were 60-days or longer as *** required by statute." The court went further by inquiring whether section 3-6-3(a)(4.2) (730 ILCS 5/3-6-3(a)(4.2) (West 2022)) would permit it to give defendant sentencing credit. The court, citing this court in *People v. Simpson*, 2024 IL App (4th) 230846-U, and the Third District in *People v. Williamson*, 2024 IL App (3d) 220501, noted the section did not apply to "programming or work assignments" completed during pretrial detention. The court concluded it did not have the authority to award defendant any sentencing credit for his pretrial accomplishments. Accordingly, the court denied defendant's motion.

¶ 14    This appeal followed.

¶ 15                    II. ANALYSIS

¶ 16    On appeal, defendant argues the trial court erred when it denied his motion for additional sentencing credit. Defendant contends the court (1) misinterpreted section 3-6-3(a)(4)(A) or, alternatively, (2) that section 3-6-3(a)(4.2)(A) provides a catchall provision that

- 5 -

would permit him to receive additional sentencing credit.

¶ 17    The State disputes defendant's contentions on appeal, and, additionally, it argues his appeal should be dismissed for lack of jurisdiction because his contentions fall outside the scope of Illinois Supreme Court Rule 472 (eff. Feb. 1, 2024), which defendant cites as the jurisdictional basis for the instant appeal.

¶ 18                              A. Jurisdiction

¶ 19    Rule 472(a)(3) provides, in relevant part:

"(a) In criminal cases, the circuit court retains jurisdiction

to correct the following sentencing errors at any time following

judgment and after notice to the parties, including during the

pendency of an appeal, on the court's own motion, or on motion of

any party:

* * *

(3) Errors in the calculation of presentence custody credit." Ill. S. Ct.

R. 472(a)(3) (eff. Feb. 1, 2024).

¶ 20    The State argues defendant did not seek to correct any errors in the calculation of his presentence custody credit; rather, defendant sought to have the trial court perform what he saw as an omitted action when the court failed to award him sentencing credit for CNC and Edovo coursework. We disagree.

¶ 21    The State's argument constitutes a distinction without a difference. Certainly, defendant requested the trial court perform an action it did not do at his original sentencing hearing. However, the action he requested the court perform would have been to correct an alleged error in the calculation of his presentence custody credit. Accordingly, we find we have

jurisdiction and will review defendant's contentions on appeal. See Ill. S. Ct. R. 472(b) (eff. Feb. 1, 2024).

¶ 22                    B. Section 3-6-3(a)(4)(A) Claim

¶ 23          The statute at issue for defendant's first contention is found in section 3-6-3(a)(4)(A) of the Unified Code. It states as follows:

"Except as provided in paragraph (4.7) of this subsection (a), the rules and regulations shall also provide that any prisoner who is engaged full-time in substance abuse programs, correctional industry assignments, educational programs, work-release programs or activities in accordance with Article 13 of Chapter III of this Code, behavior modification programs, life skills courses, or re-entry planning provided by [DOC] under this paragraph (4) and satisfactorily completes the assigned program as determined by the standards of [DOC], shall receive one day of sentence credit for each day in which that prisoner is engaged in the activities described in this paragraph. The rules and regulations shall also provide that sentence credit may be provided to an inmate who was held in pre-trial detention prior to his or her current commitment to [DOC] and successfully completed a full-time, 60-day or longer substance abuse program, educational program, behavior modification program, life skills course, or re-entry planning provided by the county department of corrections or county jail. Calculation of this county program credit shall be done at

- 7 -

sentencing as provided in Section 5-4.5-100 of this Code and shall be included in the sentencing order. The rules and regulations shall also provide that sentence credit may be provided to an inmate who is in compliance with programming requirements in an adult transition center." 730 ILCS 5/3-6-3(a)(4)(A) (West 2022).

¶ 24 "The primary objective of statutory construction is to ascertain and give effect to the true intent of the legislature." *People v. Clark*, 2019 IL 122891, ¶ 18. "The most reliable indicator of legislative intent is the language of the statute, given its plain and ordinary meaning." *Id.* ¶ 20. "Issues requiring statutory interpretation are questions of law subject to *de novo* review." *Evans v. Cook County State's Attorney*, 2021 IL 125513, ¶ 27.

¶ 25 Defendant first argues the legislative history of section 3-6-3(a)(4)(A) is instructive. However, "[w]here the language is clear and unambiguous, we must apply the statute without resort to further aids of statutory construction." *Cothron v. White Castle System, Inc.*, 2023 IL 128004, ¶ 20. "Only if the statutory language is ambiguous may we look to other sources to ascertain the legislature's intent." *Id.* Therefore, we must first ascertain defendant's specific contentions regarding the statute and determine whether the statutory language is ambiguous before considering whether further aids of statutory construction are necessary.

¶ 26 Defendant argues section 3-6-3(a)(4)(A) as written contains a serial list of programs constituting county program credit for the purposes of pretrial sentencing credit. Defendant contends the two adjectives: "full-time" and "60-day[s] or longer," which precede the serial list of qualifying programs, are dispositive. Defendant argues the use of the comma separating "full-time" and "60-day[s] or longer" is instructive. Specifically, he argues the lack of a comma after "60-day[s] or longer" means the second adjective modifies only the immediately

following listed program: a "substance abuse program."

¶ 27 We find section 3-6-3(a)(4)(A) as written to be clear and unambiguous. Based on the plain language of the statute, we find the legislature intended for any program for which a defendant seeks sentencing credit to be both full time and 60 days or longer. See *People v. Blazer*, 2024 IL App (4th) 230446-U, ¶ 22 (finding section 3-6-3(a)(4)(A) unambiguous). Therefore, we need not address the legislative intent argument defendant provides on appeal. We note, this court has addressed this section of the Unified Code in multiple cases: *Kelly*, 2023 IL App (4th) 220907-U, ¶¶ 13-14, *Simpson*, 2024 IL App (4th) 230846-U, ¶¶ 39-43, and *Blazer*, 2024 IL App (4th) 230446-U, ¶¶ 18-24. In fact, the defendant in *Simpson* similarly argued the phrase "full-time, 60-day[s] or longer" only modified "substance abuse program." *Simpson*, 2024 IL App (4th) 230846-U, ¶ 31. This court, in *Simpson*, rejected that argument and agreed with *Kelly* that "a defendant seeking sentencing credit under section 3-6-3(a)(4)(A) must demonstrate his participation in an eligible program was both full-time and 60 days or longer." *Id.* ¶ 42. We continue to agree with our previous findings related to section 3-6-3(a)(4)(A). Therefore, we find the trial court did not err when it denied defendant's motion for additional sentencing credit under section 3-6-3(a)(4)(A).

¶ 28 C. Section 3-6-3(a)(4.2)(A) Claim

¶ 29 Defendant also argues section 3-6-3(a)(4.2)(A) provides a catchall provision, which would have permitted the trial court to award him additional sentencing credit.

¶ 30 Section 3-6-3(a)(4.2)(A) of the Unified Code states:

"The rules and regulations shall also provide that any prisoner engaged in self-improvement programs, volunteer work, or work assignments that are not otherwise eligible activities under

paragraph (4), shall receive up to 0.5 days of sentence credit for each day in which the prisoner is engaged in activities described in this paragraph." 730 ILCS 5/3-6-3(a)(4.2)(A) (West 2022).

¶ 31 Defendant concedes this issue was raised before the appellate court in *People v. Williamson*, 2024 IL App (3d) 220501, ¶ 26. The court in *Williamson* explained:

"The language in [section 3-6-3(a)(4.2)(A)] does not entitle individuals held in pretrial custody to sentence credit for work assignments. Had the legislature intended for this section to apply to inmates in pretrial custody, it would have expressly stated that intention as it did in other sections. See *People v. Clark*, 2019 IL 122891, ¶ 23; *People v. Hudson*, 228 Ill. 2d 181, 193 (2008) ('When the legislature uses certain language in one part of a statute and different language in another, we may assume different meanings were intended.'). Simply put, upon reviewing the statute in its entirety, it is apparent that the legislature did not intend for the provisions of section 3-6-3(a)(4.2) to apply to those held in pretrial custody where it did not specifically include them as it did in other sections." *Id.*

This court, in *Simpson*, also agreed with the *Williamson* court's interpretation of section 3-6-3(a)(4.2)(A). *Simpson*, 2024 IL App (4th) 230846-U, ¶ 38.

¶ 32 Defendant argues *Williamson* was incorrectly decided and requests this court decline to follow its reasoning. Defendant specifically argues the *Williamson* court erred when interpreting the word "prisoner" to mean only DOC prisoners, as opposed to a more general use

of the term, which would include those in custody during pretrial detention.

¶ 33    We are certainly sympathetic to defendant's argument. Indeed, even the *Williamson* court noted the Unified Code often uses "the terms prisoner and inmate interchangeably." *Williamson*, 2024 IL App (3d) 220501, ¶ 23. But this argument alone does not mean the reasoning from *Williamson* is flawed. Other sections of the Unified Code distinguish between those in the custody of DOC and those in pretrial detention at, say, a county jail. Defendant's argument would require us to abandon the legislature's distinction between the two types of incarceration as utilized. But, more importantly, defendant's interpretation of section 3-6-3(a)(4.2)(A) would quite literally have us undo and disregard our entire preceding analysis of section 3-6-3(a)(4)(A). Issues requiring statutory analysis necessitate "[e]ach word, clause, and sentence of a statute must be given a reasonable meaning, if possible, and should not be rendered superfluous." *Clark*, 2019 IL 122891, ¶ 20. If the legislature had intended for section 3-6-3(a)(4.2)(A) to apply to all forms of incarceration and explicitly to those not eligible for additional sentencing credit under section 3-6-3(a)(4)(A), then all of section 3-6-3(a)(4)(A) is superfluous and meaningless. Accordingly, we find the trial court did not err when it denied defendant's motion under section 3-6-3(a)(4.2)(A).

¶ 34                              III. CONCLUSION

¶ 35    For the reasons stated, we affirm the trial court's judgment.

¶ 36    Affirmed.