2024 IL App (3d) 220501

Opinion filed May 9, 2024

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-22-0501 Circuit No. 21-CF-1110 |
| THOMAS C. WILLIAMSON, | ) ) ) | Honorable Amy M. Bertani-Tomczak, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BRENNAN delivered the judgment of the court, with opinion.
Justices Holdridge and Hettel concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Thomas C. Williamson, appeals from the Will County circuit court's denial of sentencing credit for his completion of behavior modification and substance abuse programs and a county jail work assignment. Defendant contends that the educational programs were both over 60 days in length and full time, entitling defendant to sentencing credit. Further, defendant argues that the court erred in finding that sentencing credit for work assignments could only be granted to prisoners in the Department of Corrections (IDOC) and not inmates in the county jail. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3    On August 19, 2021, defendant was indicted on three counts of residential burglary (720 ILCS 5/19-3 (West 2020)). In October 2022, defendant pled guilty to one count of residential burglary in exchange for a sentence of 9½ years' imprisonment. After the plea was accepted, the case was continued so defendant could request sentencing credit "for classes and *** working as a tender" while being held in the county jail.

¶ 4    On November 9, 2022, defendant was granted 409 days of sentencing credit for the time he spent in custody awaiting trial. Defendant represented to the court that he had completed a "reentry [program], *** drug classes and the anger lesson." Defendant indicated that these programs were 60 days or longer except the reentry program, which was 45 days, and that all three qualified as full-time programs. Defense counsel stated that this entitled defendant to 225 days of sentencing credit. Defendant also represented that he worked 6 days a week for a total of 242 days as a kitchen tender and requested 121 days of sentencing credit pursuant to section 3-6-3(a)(4.2) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/3-6-3(a)(4.2) (West 2022)).

¶ 5    The State asserted that defendant should be denied the sentencing credit for the three programs because none of the programs offered at the county jail qualified as full time. Further, it argued that the provisions of section 3-6-3(a)(4.2) only applied to individuals completing work assignments in the IDOC and not the county jail. The State indicated that the statute seemed to distinguish between prisoners and inmates with "prisoner" referring to individuals in the IDOC and "inmate" referring to those in county jail. The court agreed and denied defendant's request for work assignment sentencing credit but indicated that it was "not opposed to giving him credit for the time he's been in custody or the programs that he's completed." It inquired as to which programs defendant believed qualified for sentencing credit, reminding defense counsel that he

had indicated that the reentry program was 45 days. The court continued the hearing for defense counsel to "get some numbers here."

¶ 6   The next day, defense counsel filed a premature motion to reconsider sentencing credit and argued it *instanter*. Regarding the work assignment credit, defendant argued that the clear and unambiguous wording of section 3-6-3(a)(4.2) entitled him to credit for his work assignment where it stated that any prisoner was entitled to it. Defendant pointed out that, despite the State's argument that the statute distinguished individuals in the IDOC and county jail with the terms "prisoner" and "inmate" respectively, the statute used the terms interchangeably throughout. The court agreed that the terms were used interchangeably but persisted in its finding that section 3-6-3(a)(4.2) only applied to individuals performing work assignments in the IDOC.

¶ 7   Regarding the programs that defendant completed, defense counsel informed the court that defendant had completed an anger management course that consisted of 12 weekly lessons, a parenting course that consisted of 11 weekly lessons, a drug course that consisted of 9 weekly lessons, and a reentry course that consisted of 3 sections, which could be completed over the course of three full-time days. Defense counsel indicated that defendant was required to study and complete homework for each program. The State disputed these assertions.

¶ 8   The State argued that none of the programs could be considered full time and represented to the court that it had spoken to the director of the Center for Correctional Concerns about the programs offered at the jail and completed by defendant. The State explained that the reentry program was generally completed over three consecutive days with inmates participating for 1½ to 2 hours per day. The parenting course consisted of 13 lessons that the inmates read in their cells. The lessons were approximately 15 pages in length. The program contained no tests or questions to ensure the inmate participated. It contended that an inmate who simply requested all the readings

3

could obtain a certificate without any real participation. The State indicated that the anger management course was similar in that materials were sent to an inmate's cell with no test or further requirements to obtain the certificate. Regarding the drug course, the State explained that the Will County jail offered different kinds of programs. Some courses involved a class, while others were just lessons. The State stated that the program that defendant earned a certificate in did not involve any classes. It consisted of nine lessons that were one or two pages in length and contained several questions for defendant to answer. The State asserted that, to obtain the certificate for the substance abuse program that defendant participated in, he was only required to read 18 pages of text and answer several questions.

¶ 9 Defense counsel responded that defendant had to complete and submit workbooks to obtain his certificates, so some level of oversight existed for defendant's participation in the programs. Defendant did not present evidence regarding the amount of time each weekly lesson required him to complete or the amount of time defendant spent participating in these programs. On November 14, 2022, defendant's certificates of completion were filed. Defendant was issued certificates from the Center for Correctional Concerns for completion of the parenting lesson workbook on August 18, 2022, and the anger lesson workbook on October 17, 2022. His certificate for completion of the reentry course indicated that it was completed in January 2022. The certificate for completion of the substance abuse program was issued on December 14, 2021. The certificate listed possible activities related to the programming: "AA Meetings, Drug Lessons, Drug Education Classes, Quitting Drugs Workbooks, *etc.*" The certificates failed to list any start dates, specific end dates, or dates of participation. The court denied defendant's motion for additional sentencing credit and motion to reconsider. Defendant was sentenced to the agreed 9½ years' imprisonment and received credit for time spent in presentence custody. Defendant's preprinted sentencing order contained a

section to record credit awarded for work assignments. On November 29, 2022, defendant renewed his motion to reconsider, pointing out that the previous motion had been premature. The renewed motion was denied. Defendant appeals.

¶ 10                                                    II. ANALYSIS

¶ 11        On appeal, defendant argues that the court erred in failing to award him credit for the completion of two behavior modification courses, a substance abuse course, and his work assignment as a kitchen tender. We consider each argument in turn.

¶ 12                          A. Behavior Modification and Substance Abuse Programs

¶ 13        Defendant first argues that he is entitled to presentence credit for the 12-week anger management program, 11-week parenting program, and 9-week substance abuse program that he completed while in the county jail pursuant to section 3-6-3(a)(4)(A) of the Unified Code (*id.* § 3-6-3(a)(4)(A)). In relevant part, this section provides:

> "The rules and regulations shall *** provide that sentence credit may be provided to an inmate who was held in pre-trial detention prior to his or her current commitment to the [IDOC] and successfully completed a full-time, 60-day or longer substance abuse program, educational program, behavior modification program, life skills course, or re-entry planning provided by the county department of corrections or county jail. Calculation of this county program credit shall be done at sentencing as provided in Section 5-4.5-100 of this Code and shall be included in the sentencing order." *Id.*

"To be entitled to sentence credit under section 3-6-3(a)(4)(A) of the Unified Code, 'an offender must actively partake in the particular program on each day for which he seeks credit.' " *People v.*

5

*Malone*, 2023 IL App (3d) 210612, ¶ 17 (quoting *People v. Montalvo*, 2016 IL App (2d) 140905, ¶ 24).

¶ 14    The parties' arguments on whether defendant was entitled to presentence credit for completion of these programs focus on whether the programs qualified as full time. The Illinois Administrative Code (Administrative Code) provides a definition for what constitutes a full-time program for which a defendant may be eligible to receive presentence credit. At the time of defendant's sentencing, a full-time behavior modification program required that a defendant be enrolled "for the number of hours identified in his or her program contract and as determined by the risk and needs assessment." 45 Ill. Reg. 4432, 4444 (eff. Apr. 1, 2021). On November 29, 2022, the Administrative Code was amended, defining full-time behavior modification programs as those that included a minimum of three hours of programming. 20 Ill. Adm. Code 107.520(j)(1) (2022). Both versions of the Administrative Code define a full-time substance abuse program as one in which a defendant is generally scheduled to participate in at least 15 hours of substance abuse programming per week. 45 Ill. Reg. 4432, 4443 (eff. Apr. 1, 2021); 20 Ill. Adm. Code 107.520(j)(3)(B) (2022).

¶ 15    Defendant argues that, where there was a change in the law, he is entitled to elect the benefit of that change where his motion to reconsider sentence was pending before the court at the time of the change. Defendant elected to be held to the standard set forth in the most recent version of the Administrative Code and contends that, between defense counsel's representation of the courses' consisting of a weekly session and defendant's studying and homework, he made a showing that defendant completed a minimum of three hours of behavior modification programming over the course of 60 days. However, a defendant does not have the right to move for resentencing under a law that was not in effect at the time his sentencing judgment was entered.

6

*People v. Stevenson*, 2023 IL App (3d) 220055, ¶ 17. Defendant's sentence was imposed on November 10, 2022, prior to the change in the Administrative Code. "The purpose of a motion to reconsider is not to provide a new sentencing hearing but to determine whether the initial sentence was appropriate and correct." *Id.* ¶ 18. Accordingly, defendant may not seek to revisit the propriety of his sentence based upon a version of the Administrative Code that was not in effect at the time of his sentence.

¶ 16    The record reflects that the court was otherwise receptive to defendant's motion for additional credit. The court continued the hearing so additional information could be presented for it to determine which programs were full time and how much credit defendant was entitled to for his participation. To establish that the programs qualified as full time, defendant was required to show that he enrolled in the number of hours that was determined by an assessment and identified in his program contract for the behavior modification programs and that the substance abuse program he participated in consisted of at least 15 hours of programming per week. However, on the next date, no information was presented regarding the number of days or hours these programs entailed or how much time defendant spent actively participating in these programs. Defense counsel represented that each program included a weekly lesson and that defendant was required to spend time studying and completing homework for the courses without indicating the number of days or hours that defendant devoted to each. Counsel's representations were disputed by the State, which represented that the director of the Center for Correctional Concerns explained that none of the courses completed by defendant involved weekly lessons and mostly consisted of a small amount of reading or worksheets.

¶ 17    The certificates that were filed for each behavior modification program contained no dates or hours of participation and listed only the date of completion. The certificate for the substance

abuse program provided an incomplete list of potential activities for the program, but no evidence was presented to indicate that defendant's program required participation in any of those activities to obtain the certificate. The State's representation at the hearing was that defendant's specific program did not require any meetings or classes. No evidence was presented to the court establishing that defendant actively participated in any such activity to obtain his certificate. Additionally, nothing was presented to establish that the programming consisted of at least 15 hours each week. Accordingly, we find that the court did not err in failing to award defendant additional credit for the completion of these programs.

¶ 18        Defendant requests that, should we find the record unclear as to the number of days defendant spent in programming, we should remand so he may present further evidence of his participation. In support of this request, defendant relies on our decision in *Malone*, where we stated that, "if it is not clear from the record the number of days the defendant spent in programming, the case should be remanded to the circuit court to consider further evidence on the issue." *Malone*, 2023 IL App (3d) 210612, ¶ 18. However, the circuit court in *Malone* failed to determine what, if any, credits defendant was entitled to based on his participation in behavioral modification and substance abuse programming because it erroneously believed the issue of additional credit was waived pursuant to a plea agreement. *Id.* ¶¶ 20-21. We remanded for the court to determine whether the programs met the requirements set forth by the Administrative Code and, if they were qualifying programs, to determine the amount of defendant's active participation. *Id.* ¶ 22. We also noted that the court could deny defendant's motion to amend his mittimus should he fail to present evidence establishing that his completed programs met the statutory requirements or provide evidence of the number of days he participated in each program. *Id.*

¶ 19        Unlike *Malone*, the circuit court here clearly understood defendant might be entitled to additional credit and was willing to calculate and award any credit owed from the completion of qualifying programs. It held two hearings for defendant to present evidence in support of his request for additional credit. The evidence presented to the court failed to establish that the programs defendant completed were full time and the number of days that defendant actively participated in these programs. As defendant was provided ample opportunity to provide the requisite evidence and failed to do so, he is not entitled to remand for this purpose from direct appeal.

¶ 20                        B. Work Assignment as a Kitchen Tender

¶ 21        Defendant worked as a kitchen tender for 242 days while in presentence custody. Defendant argues that the court erred in denying him additional credit of 121 days pursuant to section 3-6-3(a)(4.2) of the Unified Code. The court found that section 3-6-3(a)(4.2) only applied to individuals who were serving time in the IDOC and denied defendant the additional sentencing credit.

¶ 22        Defendant contends that the plain language of the statute supports his claim that he is eligible for the credit. "The primary objective of statutory construction is to ascertain and give effect to the intent of the legislature. The most reliable indicator of legislative intent is the language of the statute, given its plain and ordinary meaning." *People v. Jackson*, 2011 IL 110615, ¶ 12. When determining the plain meaning of a statute, a reviewing court will consider the statute in its entirety and bear in mind the subject that the statute addresses and apparent intent of the legislature in enacting the statute. *People v. Haberkorn*, 2018 IL App (3d) 160599, ¶ 26.

¶ 23        Section 3-6-3 of the Unified Code addresses sentencing credit and provides that the IDOC "shall prescribe rules and regulations for awarding and revoking sentence credit for persons

9

committed to the [IDOC]." 730 ILCS 5/3-6-3(a)(1) (West 2022). The statute outlines that individuals may receive sentencing credit for (1) successful completion of programming by those being held in the IDOC, the Department of Juvenile Justice, and pretrial custody; (2) complying with the rules and regulations of the IDOC; or (3) service to the institution, community, or state. *Id.* § 3-6-3(a)(1.5). While the statute does use the terms prisoner and inmate interchangeably, there are sections that specifically address individuals held in the IDOC and sections that specifically include individuals being held in pretrial custody.

¶ 24 Section 3-6-3(a)(3) addresses sentencing credit awarded for complying with the rules and regulations of the IDOC and service to the institution, community, or state. *Id.* § 3-6-3(a)(3). It provides that persons committed to the IDOC may be awarded good-conduct credit of either 180 or 365 days, depending on the length of their sentence. *Id.* This section contains no provision for inmates held in pretrial custody to obtain this sentencing credit.

¶ 25 Conversely, both subsections (a)(4)(A) and (a)(4.1) of section 3-6-3 include individuals held in pretrial custody. Section 3-6-3(a)(4)(A) addresses sentencing credit awarded for successful completion of qualifying programs and contains an express provision that individuals held in pretrial custody prior to being committed to the IDOC may be awarded credit for qualifying county programming. *Id.* § 3-6-3(a)(4)(A); *supra* ¶ 14. Section 3-6-3(a)(4.1) addresses credit that may be awarded for completion of four different types of educational degrees. 730 ILCS 5/3-6-3(a)(4.1) (West 2022). This section specifies, under each individual degree type, that sentencing credit may be awarded "to any committed person who earned a[ ] *** degree while he or she was held in pre-trial detention prior to the current commitment to the [IDOC]." *Id.*

¶ 26 The section at issue provides:

"The rules and regulations shall also provide that any prisoner engaged in self-improvement programs, volunteer work, or work assignments that are not otherwise eligible activities under paragraph (4), shall receive up to 0.5 days of sentence credit for each day in which the prisoner is engaged in activities described in this paragraph." *Id.* § 3-6-3(a)(4.2).

The language in this provision does not entitle individuals held in pretrial custody to sentence credit for work assignments. Had the legislature intended for this section to apply to inmates in pretrial custody, it would have expressly stated that intention as it did in the other sections. See *People v. Clark*, 2019 IL 122891, ¶ 23; *People v. Hudson*, 228 Ill. 2d 181, 193 (2008) ("When the legislature uses certain language in one part of a statute and different language in another, we may assume different meanings were intended."). Simply put, upon reviewing the statute in its entirety, it is apparent that the legislature did not intend for the provisions of section 3-6-3(a)(4.2) to apply to those held in pretrial custody where it did not specifically include them as it did in other sections.

¶ 27    Further, defendant argues that the inclusion of a section on the Will County preprinted IDOC sentencing order for county jail work assignments indicates that the statute is ambiguous. However, the erroneous inclusion of this sentencing credit option on the preprinted Will County sentencing order does not render an otherwise unambiguous statute ambiguous. The legislature clearly recorded when credit applied to inmates in pretrial custody and when it did not. Nothing about the preprinted sentencing order alters this straightforward statutory scheme. Accordingly, we find that the court did not err in denying defendant sentencing credit for his work as a kitchen tender.

¶ 28                                    III. CONCLUSION

¶ 29    The judgment of the circuit court of Will County is affirmed.

11

¶ 30        Affirmed.

*People v. Williamson*, 2024 IL App (3d) 220501

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Will County, No. 21-CF-1110; the Hon. Amy M. Bertani-Tomczak, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Santiago A. Durango, and Kelly M. Taylor, of State Appellate Defender's Office, of Ottawa, for appellant. |
| **Attorneys for Appellee:** | James W. Glasgow, State's Attorney, of Joliet (Patrick Delfino, Thomas D. Arado, and Laura Bialon, of State's Attorneys Appellate Prosecutor's Office, of counsel, and Kristina Jackson, law student), for the People. |