2025 IL App (1st) 240471-U

FIFTH DIVISION
December 19, 2025

No. 1-24-0471

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 22CR6120 |
| | ) | |
| ANDREW MONROE, | ) | The Honorable |
| | ) | Charles P. Burns, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE TAILOR delivered the judgment of the court.
Presiding Justice Mitchell concurred in the judgment.
Justice Oden Johnson dissented in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm the defendant's sentence where he failed to show he did not receive the presentence behavior modification program credit to which he is entitled.

¶ 2    Defendant Andrew Monroe was convicted of vehicular hijacking and sentenced to eleven years in the Illinois Department of Corrections. At sentencing, the trial court awarded him 710 days of presentence credit, including 55 days of credit for his participation in the Thinking for a Change behavior modification program while he was detained pretrial. On appeal, Monroe argues

that the trial court erred by not awarding him 105 days of credit, as he requested prior to sentencing. We affirm.

¶ 3                                      I. BACKGROUND

¶ 4     Following a bench trial, defendant Andrew Monroe was found guilty of vehicular hijacking, aggravated robbery, possession of a stolen motor vehicle, and robbery. At the sentencing hearing, defense counsel requested that Monroe receive 105 days of credit for participating in the Thinking for a Change program. The following exchange occurred at the hearing:

"DEFENSE COUNSEL: Judge, in terms of credit towards Mr. Monroe should he be sentenced to the Illinois Department of Corrections again he has 655 days in custody, he also did 105 days in Thinking [f]or [a] Change program so I believe he is entitled to 105 days—

THE COURT: 105 days?

DEFENSE COUNSEL: Judge—

THE COURT: How is that possible?

DEFENSE COUNSEL: Judge, it says program start date was July 19th, phase one, and the completion date on here was October 31st.

THE COURT: But he is not in the class five days a week, it's a couple hour class, I can tell you what they do on the outside, on the outside it's Tuesdays and Thursdays if I'm not mistaken, is Adriana here? Where it's like two hours a day.

DEFENDANT: Can I speak, sir?

THE COURT: I don't think it's five days a week.

DEFENSE COUNSEL: Okay. Judge, Mr. Monroe is representing it was a five day a week program so I would have to recalculate that if the court is willing to consider credit for that program.

* * *

THE COURT: I'm going to sentence the defendant to 11 years in the Illinois Department of Corrections, one year [mandatory supervised release]. It will be on the vehicle invasion, I'm going to merge the other counts 2, 3, and 4 with the vehicular invasion or hijacking I guess it is. I'll give him half the credit you're asking for his educational credit so how many actual days in custody?

DEFENSE COUNSEL: Judge, he has been [in] custody for 655 days.

THE COURT: And how many days credit were you asking for on the—

DEFENSE COUNSEL: 105.

THE COURT: I'll give him 55 days on that.

DEFENSE COUNSEL: So that total would be on—

THE COURT: That would be—

DEFENSE COUNSEL: 710.

THE COURT: 710 days timed [*sic*] considered served, one year mandatory supervised release."

¶ 5    Monroe filed a motion to reconsider sentence, but did not include any claim of sentencing credit error. The court denied Monroe's motion to reconsider and he timely appealed.

¶ 6                                II. ANALYSIS

¶ 7    Monroe's sole contention on appeal is that the trial court erred by not granting him 105 days of sentencing credit for his participation in the Thinking for a Change program and instead

only awarding him 55 days. Monroe argues that he participated in the program for 105 days, and pursuant to sections 5/5-4.5-100 and 5/3-6-3 of the Unified Code of Corrections (Code) (730 ILCS 5/5-4.5-100 (c-5) (West Supp. 2025);730 ILCS 5/3-6-3 (West Supp. 2025)), he is entitled to one day of sentence credit for each day he engaged in a qualifying program.

¶ 8                                    A. Jurisdiction

¶ 9      As a threshold matter, the State contends we lack jurisdiction to consider Monroe's appeal because he did not file a post-sentencing motion under Illinois Supreme Court Rule 472 (eff. Feb. 1, 2024) raising his sentencing credit claim. The State further contends that, if Monroe so requests, we should remand the case to the circuit court to allow him an opportunity to file a Rule 472 motion to correct the alleged sentencing error. Whether we have jurisdiction is a question of law, which we review *de novo*. *People v. Tolbert*, 2021 IL App (1st) 181654, ¶ 8.

¶ 10      The State's jurisdiction argument rests on Rule 472, so we begin by reviewing its pertinent provisions. First, it states: "In criminal cases, the circuit court retains jurisdiction to correct the following sentencing errors at any time following judgment and after notice to the parties, including during the pendency of an appeal, on the court's own motion, or on motion of any party: * * * (3) Errors in the calculation of presentence custody credit".  Ill. S. Ct. R. 472(a)(3) (eff. Feb. 1, 2024). Second, it states: "No appeal may be taken by a party from a judgment of conviction on the ground of any sentencing error specified above unless such alleged error has first been raised in the circuit court. When a post-judgment motion has been filed by a party pursuant to this rule, any claim of error not raised in that motion shall be deemed forfeited." Ill. S. Ct. R. 472(c) (eff. Feb. 1, 2024). Finally, it states: "In all criminal cases *** in which a party has attempted to raise sentencing errors covered by this rule for the first time on appeal, the reviewing court shall remand to the circuit court to allow the party to file a motion pursuant to this rule." Ill. S. Ct. R. 472(e)

(eff. Feb. 1, 2024). As neither party raises the issue, we assume, without deciding, that sentencing credit for participation in a pretrial behavior modification program falls under the rubric of "presentence *custody* credit" under Rule 472(a)(3) (Emphasis added) (eff. Feb. 1, 2024).

¶ 11    The State relies on *People v. Edwards*, 2020 IL App (1st) 170843, ¶ 27, where the defendant argued for the first time on appeal that he was entitled to an additional 80 days of sentencing credit. We found that we lacked jurisdiction because, "[b]efore a defendant may challenge such a calculation on appeal, he must first file a motion in the trial court to allow the court an opportunity to correct the error." *Id.* Monroe, however, is not raising his sentencing credit issue for the first time on appeal as did the defendant in *Edwards*; rather, he raised the issue with the trial court when he argued at the sentencing hearing that he was entitled to 105 days of credit. Rule 472 merely requires that the alleged error be raised in the circuit court in the first instance, which Monroe did here, and nothing therein deprives us of jurisdiction to consider his claim on appeal. *Cf. People v. Eason*, 2020 IL App (3d) 180296, ¶ 13 (dismissing the appeal and remanding to the circuit court because the defendant failed to raise the sentencing issue there in the first instance, but suggesting such a result would not be warranted in "a scenario in which an issue is fully raised before the circuit court *** despite not being included in a postjudgment motion. For example, consider a sentencing hearing at which the street value fine is the central issue, complete with witnesses and robust argument from the parties. In that situation, it would be difficult to find that the issue had not been 'raised,' or that the circuit court had not already considered the issue."). Thus, *Edwards* neither deprives us of jurisdiction nor compels that we remand. To the extent Monroe forfeited the sentencing credit issue by not raising it in his motion to reconsider, the State has not advanced the argument that the motion to reconsider was itself a postjudgment motion under Rule 472, resulting in forfeiture of the forfeiture argument. Ill. S. Ct. R. 472(c) (eff. Feb. 1,

2024); see *People v. Jackson*, 2023 IL App (1st) 180672-UB, ¶ 58 ("Well-settled law provides that the State may forfeit a forfeiture argument by failing to argue it timely."). Instead, the State merely argues this court "lacks jurisdiction" because Monroe "fail[ed] to file a Rule 472" motion with the trial court.

¶ 12                                       B. Sentencing Credit

¶ 13    Turning to the merits, we review whether a defendant received appropriate pretrial custody credit *de novo. People v. Clark*, 2014 IL App (4th) 130331, ¶ 16. Under section 3-6-3(a)(4)(A) of the Code, "any prisoner who is engaged *full-time* in *** educational programs, *** behavior modification programs, [or other qualifying programs] *** and satisfactorily completes the assigned program as determined by the standards of the Department, *shall receive one day of sentence credit for each day* in which that prisoner is engaged in the activities described in this paragraph." (Emphasis added.) 730 ILCS 5/3-6-3(a)(4)(A) (West Supp. 2025). See also *People v. Williamson*, 2024 IL App (3d) 220501, ¶ 17 (Defendant was not entitled to an award of sentencing credit for the completion of behavior modification and substance abuse programs while in custody awaiting trial because the record did not provide sufficient evidence to establish that the programs qualified as full-time and there was no evidence presented to indicate the number of days or hours devoted to each program); *People v. Montalvo*, 2016 IL App (2d) 140905 ¶¶ 22, 29 (Defendant was entitled to six additional days' credit when there was no dispute as to the exact number of days and hours that he participated in a section 3-6-3(a)(4)(A) program.). The calculation of program credit "shall be done at sentencing as provided in Section 5-4.5-100 of this Code and shall be included in the sentencing order." 730 ILCS 5/3-6-3(a)(4)(A) (West Supp. 2025). Section 5-4.5-100(c-5) in turn points back to "the rate specified in Section 3-6-3," that is, one day of sentence credit for each day the prisoner participates full-time in the program.

¶ 14    The parties do not dispute that Thinking for a Change is a qualifying behavior modification program as required by section 3-6-3(a)(4)(A). See *In re A.J.*, 2021 IL App (5th) 210164-U, ¶ 16 (describing "Thinking for a Change" as "a behavior modification program that teaches social skills and how to handle conflict resolution"). The crux of the dispute is whether the program is a full time program, as was argued at the sentencing hearing, or a "couple hour class" offered two days per week, as the trial court determined after taking judicial notice of the class schedule based on its previous experience with defendants who participated in the program.

¶ 15    At sentencing, defense counsel represented to the court that Monroe was in the program for 105 days, between July 19 and October 31, 2023. However, the record is devoid of any evidence to show the specific number of hours and days Monroe participated in program. Without offering any evidence, Monroe cannot meet his burden to show that the circuit court erred in determining the appropriate amount of program participation credit. *Williamson*, 2024 IL App (3d) 220501, ¶ 17.

¶ 16    Monroe nevertheless asks us to take judicial notice of information found on the National Institute of Corrections' website, which describes the Thinking for a Change program as a "cognitive behavioral change program", but the website doesn't support his position either. See *Thinking for a Change*, National Institute of Corrections, https://perma.cc/9PWY-LBM4 (last visited October 30, 2025); *People v. Vara*, 2016 IL App (2d) 140849, ¶ 37 n.3 (taking judicial notice of information on a federal government website). The website states that the Thinking for a Change program "typically spans 30 sessions, each lasting 1-2 hours, ideally conducted twice weekly but is adaptable to other schedules." This is consistent with the trial court's observation about the length and frequency of program sessions, and there is nothing in the website that supports Monroe's claim that he is entitled to 105 days of credit.

¶ 17    Finally, we reject Monroe's request for a remand. When a "defendant was provided ample opportunity to provide the requisite evidence [of participation in a section 3-6-3(a)(4)(A) program] and failed to do so, he is not entitled to remand" for the purpose of submitting missing evidence. *Williamson*, 2024 IL App (3d) 220501, ¶ 17. Monroe had the opportunity to present evidence at his sentencing hearing, and he also had the opportunity to file a motion to reconsider regarding his program credit, but did neither. The only evidence Monroe points to on appeal is the Thinking for a Change website, which does not support his claim. Additionally, as previously discussed, because the sentencing credit issue was raised below, nothing in Illinois Supreme Court Rule 472 (eff. Feb. 1, 2024) requires that we remand to allow Monroe an opportunity to raise it again.

¶ 18    Reviewing the record *de novo*, Monroe has not met his burden to show that the trial court erred in calculating his presentence credit. The record is devoid of any evidence regarding the number of days and hours Monroe attended the Thinking for a Change behavior modification program. Given this record, Monroe failed to meet his burden to show the circuit court erred in awarding him 55 days of credit for participation in the Thinking for a Change program.

¶ 19    We respectfully disagree with the dissent's reasoning. First, contrary to the dissent's contention, the State only argued we lack jurisdiction, not that Monroe forfeited his sentencing error claim. Second, the dissent misinterprets subsection (e) of Illinois Supreme Court Rule 472 (eff. Feb. 1, 2024) to mean, "what happens when forfeiture occurs, namely, remand." However, subsection (e) provides for remand only when the defendant raises a sentencing error for the first time on appeal (Ill. S. Ct. R. 472(e) (eff. Feb. 1, 2024)), whereas here Monroe raised his sentencing credit issue at trial and does so again on appeal. Third, regarding the dissent's observation that the State offered no evidence to rebut Monroe's attorney's proffer at the sentencing hearing, a proffer is not evidence so the State had nothing to rebut. See *Williamson*, 2024 IL App (3d)

220501, ¶¶ 16-17 (trial court did not err in declining to award sentencing credit for defendant's completion of behavior modification programs where defendant filed program completion certificates but provided no evidence of the total number of days or hours completed). Finally, while we agree with the dissent that sentencing credit "is not, and should not be, random", here the circuit court calculated Monroe's sentencing credit by taking judicial notice that the program meets twice a week for two hours a day, which is consistent with the information on the Thinking for a Change website that Monroe directs us to on appeal. In the absence of any evidence submitted by Monroe, the court could have denied him educational credit altogether, but instead awarded him 55 days of credit based on its experience with defendants who participated in the program, which would be more than he was entitled for a program that met twice a week for two hours a day from July 19, 2023 to October 31, 2023.

¶ 20                                    III. CONCLUSION

¶ 21    Because Monroe failed to meet his burden to show the trial court erred in awarding him sentencing credit pursuant to section 3-6-3(a)(4)(A) (730 ILCS 5/3-6-3(a)(4)(A) (West Supp. 2025)), we affirm the judgment of the circuit court.

¶ 22    Affirmed.

¶ 23    JUSTICE ODEN JOHNSON, dissenting:

¶ 24    "No appeal may be taken by a party from a judgment of conviction on the ground of any sentencing error *** unless such alleged error has first been raised in the circuit court." Ill. S. Ct. R. 472 (c) (eff. Feb. 1, 2024). The majority posits that the word "raised" as used in this sentence is not relegated to the posttrial motion and that arguing the error orally at the hearing alone could avoid forfeiture pursuant to the subsection. However, the very next sentence of the two-sentence subsection or couplet states that, "[w]hen" -- not "if" -- a postjudgment motion is filed pursuant to

this rule, any claim of error not raised in that motion shall be deemed forfeited. Ill. S. Ct. R. 472 (c) (eff. Feb. 1, 2024) ("When a post-judgment motion has been filed by a party pursuant to this rule, any claim of error not raised in that motion shall be deemed forfeited."). This concluding sentence of the couplet, thus, anticipates that the issue would be raised in a filed postjudgment motion, and not just argued orally.

¶ 25    The majority writes that the State did not make the forfeiture argument, so therefore the majority need not consider that part of the rule. *Supra* ¶ 11. First, it was not the State's right to forfeit. When, and if a defendant fails to make the appropriate motion, the rule requires the appellate court to remand to allow for a fact-based resolution in the trial court--which did not happen in this case. Ill. S. Ct. R. 472(e) (eff. Feb. 1, 2024).

¶ 26    Second, the majority writes that the State had not sought forfeiture on the ground that defendant had failed to file a postjudgment motion on the issue. However, that is the exact statutory subsection that the State cited in seeking a remand--the one that says that if the defendant fails to file a postjudgment motion on the issue, it is forfeited. To make this clear, I provide the quotes from the majority, the rule and the State's brief. The majority writes: "To the extent Monroe forfeited the sentencing credit issue by not raising it in his *motion* to reconsider \*\*\*, the State has not advanced [that] argument." *Supra* ¶ 11 (Emphasis added.) However, the State *does* argue in its appellate brief that the issue was forfeited for our review. Illinois Supreme Court Rule 472(c) (eff. Feb. 1, 2024) provides, in relevant part: "When a postjudgment motion has been filed by a party pursuant to this rule, *any claim of error not raised in that motion* shall be deemed forfeited." (Emphasis added.) The State's brief argues: "defendant *failed to include this claim in a postsentencing motion* as required by Rule 472(c). Accordingly, this Court should dismiss this

appeal[.]" (Emphasis added.) The State's brief could not be more clear. Thus, I must dissent from the majority's order which mistakenly found forfeiture by the State.

¶ 27    Turning to the merits, at the sentencing hearing below, defense counsel proffered to the trial court that defendant was entitled to 105 days, based on defendant's representation. The State offered no evidence whatsoever to rebut the defendant's proffer. Nonetheless, the trial court picked a random number out of the air, cutting the requested time approximately in half, and thereby picking a number that no one argued was accurate. On appeal, the State acknowledges that the number was random, where it says that, even if defendant was entitled to day-for-day credit during the cited time period, at five days per week, it should have been 75 days, not the 55 that the trial court awarded.

¶ 28    The majority writes that the "crux of the dispute" is whether the program that defendant attended was a full-time program or whether the trial court was permitted to determine based on its own "experience" with the program that the program was only two days per week. *Supra* ¶ 14. However, although the trial judge spoke of his personal experience with the program, the trial court apparently did not rely on its own personal knowledge and, instead, simply cut the proverbial baby in approximately half. Between July 19, and October 31, 2023, there were approximately 15 weeks. Fifteen times two (days a week) would have yielded a credit of approximately 30 days. But the trial court did not award 30 days and simply split defendant's number in approximately half (half of 105 would have been 52.5) for a completely random result.

¶ 29    Contrary to the majority's interpretation (*supra* ¶¶ 10-11), subsection (c) of Illinois Supreme Court Rule 472 (eff. Feb. 1, 2024) must be interpreted as a whole. The first sentence demands that the issue must "first" be raised in the trial court. Ill. S. Ct. R. 472(c) (eff. Feb. 1, 2024). The second sentence indicates what it takes to sufficiently raise the issue, namely, a

postjudgment motion, and what happens when that does not happen, namely, forfeiture. Subsection (e) then explains what happens when forfeiture occurs, namely, remand. Ill. S. Ct. R. 472(e) (eff. Feb. 1, 2024). Further, the issue was sufficiently important that the supreme court waived all filing fees for these motions. Ill. S. Ct. R. 472(f) (eff. Feb. 1, 2024).

¶ 30    Sentencing credit is not, and should not be, random; otherwise, it fails to provide the incentives that it was designed to promote, i.e. participation in rehabilitative programs to combat recidivism. This principle was sufficiently important that our supreme court provided for an automatic and mandatory remand. Ill. S. Ct. R. 472(e) ("the reviewing court shall remand"). Despite the clear "shall" language of our supreme court, the majority chooses instead to affirm an obviously random action by a trial court that both parties oppose. I cannot condone or concur in this action and therefore would remand for a correct calculation as mandated by the legislature. Therefore, I must respectfully dissent.